# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.
_____

**John Napier,**

    Plaintiff,

v.

**Extra Space Management, Inc. d/b/a Extra Space Storage, Inc.,**

    Defendant.

---

## COMPLAINT

---

COMES NOW, Plaintiff, John Napier, and for his Complaint against the Defendant, alleges the following:

### Introduction

Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, for disability discrimination.

### Jurisdiction

1. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12117.

### Venue

2. The unlawful employment actions described below were committed in the State of Colorado. Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

## Exhaustion of Administrative Remedies

3. Plaintiff filed timely a charge of discrimination with the United States Equal Employment Opportunity Commission in Denver, Colorado on July 26, 2018 for disability discrimination.

4. On March 11, 2019 Plaintiff received a Notice of Right to Sue from the United States Equal Employment Opportunity Commission.

5. This action was commenced within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

## Parties

6. Mr. Napier is sixty-eight years old.

7. In April 2017 Mr. Napier suffered a work related injury to his right shoulder.

8. Mr. Napier's injury required surgery, a rotator cuff repair, which he underwent in in July 2017.

9. Following surgery Mr. Napier was permanently medically restricted from lifting over fifteen pounds with his right arm.

10. Mr. Napier is not medically restricted from lifting with his left arm.

11. Mr. Napier is substantially limited in a major life activity which is lifting.

12. Extra Space Management, Inc., hereafter "Extra Space Storage," is a national, publically traded, owner, developer and operator of professionally managed self-storage properties.

13. Extra Space Storage was at all times relevant to the Complaint an employer with the meaning of 42 U.S.C. § 12111(5).

**General Allegations**

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. John Napier was employed by Extra Space Storage as an Assistant Manager and a Site Manager for over seven years.

16. Following shoulder surgery in July 2017 Mr. Napier returned to work in September 2017.

17. After returning to work Mr. Napier was able to perform all of his job duties as an Assistant Manager and Site Manager.

18. Throughout Mr. Napier's employment he has always been capable of performing all of his physical job duties as an Assistant Manager which was the primary position he held in 2017 and 2018.

19. Upon receiving permanent medical restrictions from his physician in January, 2018. He provided those restrictions to his employer.

20. Mr. Napier's permanent physical restriction is a fifteen (15) pound lifting restriction for his right shoulder only.

21. Mr. Napier has no other physical restrictions or limitations and is not limited in the use of his right hand and arm.

22. The only lifting required to perform the position of Assistant Manager is lifting unit doors, storing merchandise deliveries occasionally and moving debris from grounds.

23. Mr. Napier was and continues to be capable of performing all of the essential duties of the position of Assistant Manager including lifting up to fifty pounds.

24. Mr. Napier can and has accomplished all of the lifting required of an Assistant Manager with his left arm, for example he is able to lift a unit door with his left arm (he is naturally left handed).

25. On the occasion when an object weighing more than fifteen pounds was left on the property Mr. Napier was able to dispose of the object without violating his lifting restriction.

26. Mr. Napier is qualified to perform all of the essential job duties of the position of Assistant Manager with or without accommodation.

27. On July 10, 2018 Mr. Napier was notified by his District Manager that July 10th would be his last day working for Extra Space Storage.

28. The District Manager said that "we" could not continue to accommodate his physical restriction.

29. During a final telephone conversation with a human resources representative for Extra Space Storage Mr. Napier explained that he could lift over fifty pounds with his left arm.

30. In spite of Mr. Napier's ability to perform all of the essential duties of his position Extra Space Storage terminated his employment because of his disability.

31. Mr. Napier suffered damages as the result of Defendant's actions.

**First Claim for Relief – Violations of the Americans with Disabilities Act (42 U.S.C. § 12112)**

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Plaintiff has exhausted his administrative remedies under the Americans with Disabilities Act.

34. Plaintiff is a qualified individual with a disability.

35. Individuals designated by Defendant to receive notice of disabilities knew of Plaintiff's disability and his request to be accommodated.

36. The accommodation which Plaintiff required was to be allowed to perform lifting with his right arm.

37. Defendant failed to engage in an interactive process with Plaintiff to determine whether a reasonable accommodation was needed and could be granted.

38. Defendant failed to accommodate Plaintiff's disability and terminated his employment because of his disability.

39. Defendant's acts and omissions violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, pursuant to 42 U.S.C. § 21117.

   a. Nominal damages;
   b. Nonpecuniary and compensatory damages, including damages for emotional distress and consequential damages;
   c. Back pay;
   d. Reinstatement or Front pay;
   e. Injunctive relief;
   f. Pre- and post-judgment interest at the highest rate allowed by law;
   g. Costs and reasonable attorneys fees; and

    h.    All other legal or equitable relief to which Plaintiff is entitled.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial for all issues triable by jury.

Respectfully submitted this 15th day of March, 2019.

                CORNISH & DELL'OLIO, P.C.


                s/Donna Dell'Olio
                Donna Dell'Olio # 10887
                CORNISH & DELL'OLIO, P.C.
                431 N. Cascade Avenue, Suite 1
                Colorado Springs, CO 80903
                Phone: (719) 475-1204
                Fax: (719) 475-1264
                Email:  ddellolio@cornishanddellolio.com
                Attorneys for Plaintiff

Plaintiff's address:
5380 Shoup Road
Colorado Springs, CO 80908